Green, J.
delivered the opinion of the court.
This is a suit by scirefacias for costs. The plaintiffs in error were sureties for Wm. C. Story, for costs in an action of ejectment, which the defendant in error prosecuted against said Story. Story was convicted in said suit, and an execution was issued against him for damages and costs, and returned “no property found,” whereupon this scirefacias was sued out.
In reciting the judgment in the action of ejectment, the scire facias sets out, that “afterwards, at the March term, 1842, of the Circuit Court, the said Wm.C. Story failed to defend the said suit, and the said Wm. C. Roadman recovered a judgment against him, the said Wm. C. Story, for the sum of one hundred and forty-three dollars and thirty-eight cents, for his damages and costs,” &c.
To this sci.fa. the plaintiffs in error pleaded mil tiel record.
The exemplification of the record, offered in evidence, contains a judgment in the following words: “It is considered by the court, that the plaintiff recover his term yet to come in and to the premises in the declaration mentioned, and his damages assessed by the jury in the form aforesaid, together with the costs in this behalf expended.” Then follows the clerk’s taxation of costs, amounting, with the damages, to the sum mentioned in the scire facias. It is contended, that there is a vari- *45 anee between the judgment set out in the scire facias, and the one offered in evidence; for that the record does not show a judgment for $143 38 cents for damages and costs, but a judgment for the damages found by the jury, and the costs expended, leaving the amount undetermined and to be ascertained by the clerk. We think this record does show a judgment for $143 38 cents, costs and damages. It is true, the amount of the costs was not ascertained before the judgment was rendered, and by the court stated and set out in the judgment; nor has this ever been the practice in this State. , A judgment is rendered for the costs generally, which is a recovery of all costs that have by law accrued. True, the taxation of costs is under the supervision of the court; and there is not, by the judgment, a recovery of any item of costs that has not been legally taxed. But when the costs are legally taxed and the amount ascertained, the judgment for costs is a judgment for that amount. If this were not so, how could an execution issue for costs? It can only issue upon a judgment and for the sum recovered by that judgment.
Note — “It was anciently the practice, for the court or one of the judges to tax the costs, and make a special rule for their payment, upon service of which and refusal of payment an attachment issued. But at this day, costs are taxed in the King’s Bench by the master and in the CommonPleas by one of the prothonotaries upon the attorneys or agents of the parties attending at their respective offices for that purpose. After the taxation, the master or prothonotary marks the amount of the costs on the postea inquisition or demurrer-roll, as the case may be, when final judgment is said to be signed,” 1 Petersdorff, 20.
A judgment for costs generally includes all the costs belonging to the suit, whether prior or subsequent to the rendition of the judgment, if new costs accrue, the judgment opens to receive them. Peter’s Con* S. C. Rep. 464.
There is no error in the record, and the judgment will be affirmed.